## SUPREME COURT.

MARY O'HARA agt. JAMES SULLIVAN and CORNELIUS DEVER,
Executors of the last will and testament of PETER
O'HARA, deceased, and others.

*Construction of a will.*—The fifth clause of the testator's will was in these words:
"I give, bequeath and devise all the rest, residue and remainder of my estate,
both real and personal, to my son, Edward Lawrence O'Hara, and daughter,
Cecelia A. O'Hara, to be divided between them, share and share alike, subject,
nevertheless, to the *dower and thirds* of my wife, Mary O'Hara:"
*Held,* that the wife, Mary O'Hara, was not entitled to any interest in the *personal
property,* under this clause of the will.

*Second District, Brooklyn General Term, February,* 1866.
*Before* LOTT, SCRUGHAM *and* BARNARD, *Justices.*

THIS is a case made for the purpose of obtaining a con-
struction by this court of a clause in the will of the late
Peter O'Hara, Esq., who died at Brooklyn, in the year 1863,
leaving a valuable estate, estimated to be worth two hun-
dred thousand dollars, one-half of which consisted of real
estate, and the other half of personal property. The per-
sonal estate comprised leasehold interests, under the Brook-
lyn Benevolent Society, to the extent of about seventy per
cent thereof, leaving a balance of about thirty thousand
dollars in cash and stocks. He left him surviving a widow
and three children, and to them left his estate, by a will
which has been duly proved. He devises to his widow,
the plaintiff herein, the house and furniture in which they
resided. He provides for one of his children, a son, since
dead, an annuity of seven hundred and fifty dollars during
life, and charges it upon his whole estate, and then disposes
of the residue of his property to his two other children,
subject to the dower and thirds of his wife, in the following
manner: "I give, bequeath and devise all the rest, residue
and remainder of my estate, both real and personal, to my
son, Edward Lawrence O'Hara, and daughter, Cecelia A.

O'Hara agt. Sullivan.

O'Hara, to be divided between them, share and share alike, subject, nevertheless, to the dower and thirds of my wife, Mary O'Hara."

The question presented for the determination of this court arises under the foregoing clause of the will: Whether the plaintiff is debarred by the devise therein contained, of her right to one-third part of the surplus of the *personal estate* of her said husband, remaining after payment of his debts and testamentary expenses.

HENRY C. MURPHY, *for plaintiff.*

I. The right of the widow to one-third of the surplus of the personal estate of which her husband died possessed accrued to her on her marriage, subject to be divested only by express disposal by him by will to other persons. The statute of distributions; which is a copy of the English statute on this subject, does not create this right, but only regulates the administration of the personal estate in conformity with the common law, by which her thirds in the personal property was originally as undevisable by her husband as her dower, and which was subsequently modified only so as to give the husband the power to dispose of it by will. Hence the intention of the testator to deprive her of this right must be expressed in the will, either by explicit language disposing of it, or by other provisions clearly denoting such intention, which do not exist in this will (*Black. Com. II,* 32).

II. The language of the will, fairly interpreted, expressly reserves this right of one-third of the personalty to the plaintiff, by the expression reserving to her dower *and* thirds. Dower is never expressed by *thirds* alone. It has a fixed, determinate meaning at common law, which never uses the word "thirds" in its place. *Thirds* or third part, on the other hand, as applied to the estate of a decedent, i the only word used in the *statutes* in connection with the

right of the widow to that portion of the personal estate. If it be ever loosely used elsewhere, synonymously with dower, it is always *disjunctively* " dower *or* thirds," which indicates a special meaning. It is *never* used *conjunctively* with dower, as " dower *and* thirds," except in connection with the personal estate, as in the present instance. (*Roberts on Wills, Am. ed. II,* 143, *precedents*; *Clerk's Assistant, Ruggles,* 148; *Smith* agt. *Smith,* 5 *Vesey, Jr.* 189; *Palmer* agt. *Voorhis,* 35 *Barb.* 479; 3 *Rev. Stat. p.* 183, *5th ed.*)

III. The rule of construction both in England and this country, requiring a meaning to be given to every word in a will, where it can be given consistently with the intention of the testator, seems conclusive in this case. The words " dower *and* thirds," denote something additional to dower, and properly and reasonably the words " and thirds," must, therefore, be applied to the " personal estate," which forms a part of the devise, and be construed to restrict its disposal. An intention of the testator, after bequeathing the personal property, to express a reservation of this right of his wife, could hardly have been expressed in any more explicit way without a great redundancy of language. If this construction be not given, then the words " and thirds," have no meaning, for the word " dower," of itself, expresses all that was intended in regard to the real estate. (*Jarman on Wills,* II, 526, *Am. ed.* 743 *Eng. ed. Rule* 16; *Doe* agt. *Rawding,* 2 *Barn. & Ald.* 448; *Dawes* agt. *Swan,* 4 *Mass.* 208; *Parsons et Ux.* agt. *Winslow,* 6 *Mass.* 175; *Doe d. Littlewood* agt. *Green,* 2 *Jur.* 859.)

IV. There is no intention expressed in the will on the part of the testator, to deprive the plaintiff of her interest in his personal estate, and she is, therefore, entitled to have and receive one-third of such personal estate remaining after the payment of his debts and testamentary expenses.

D. P. Barnard *and* Thomas E. Parsall, *for Edward L. O'Hara.*

I. The widow of Peter O'Hara can claim no part of the surplus of the personal estate of the deceased under 2 Revised Statutes, 96, section 75, because,

1st. The deceased did not die intestate.

2d. The whole surplus was bequeathed to his two children Edward and Cecelia.

II. The testator has expressly disposed of all the surplus of his personal property to his two children Edward and Cecelia, and there is nothing in the bequest from which it can be implied that he intended to give his widow one-third of his personal estate. (2 *Jarman on Wills*, 742; *Colleton* agt. *Garth*, 6 *Sim.* 19.)

III. The expression "subject to the dower and thirds of my wife Mary O'Hara," cannot be construed into creating a bequest of one-third of the personalty.

1st. Because had he intended to give her more of the personal property than was specifically bequeathed to her, he could have used more apt words than *subject*, which means a burthen, or a description of the incumbered condition of the property.

2d. The words "dower and thirds," are generally used in reference to real estate only (*McCall's Clerk's Assistant*, 2d ed. 157, 556).

3d. A devise of lands subject to a mortgage or incumbrance, in England, does not throw any charge on the lands to pay the debt, or exonerate the personal estate of the testator therefrom. (2 *Jarman on Wills*, 553; *Serle* agt. *St. Elory*, 2 *P. Williams*, 386.)

4th. The testator in the use of the words subject to the dower and thirds of his wife, refers to something belonging to her which he had no right to dispose of.

5th. Even if the testator was of the mistaken opinion that the law gives his wife one-third of the personalty, she

cannot take any under this will. So, if he was of the opinion that she was entitled to dower in the houses or leasehold premises.

IV. There is nothing in the surrounding circumstances of the testator to lead to the inference that he intended or even desired to give his wife one-third of his personal estate.

1st. He gave her a dwelling house and all the furniture therein.

2d. She was entitled to dower in $100,000 of real estate.

3d. She had no children to support out of her income.

4th. It does not appear that the will was drawn by one incompetent to express in words the intention of the testator.

V. It is insisted on behalf of Edward Lawrence O'Hara, that he is entitled to judgment for one-half of the surplus of the personal estate.

BARNARD, J. The husband of the plaintiff died leaving a will, and therein bequeathed the whole surplus of his personal estate remaining after the payment of debts and legacies, and the plaintiff is entitled to no share of such estate unless it is obtained by the terms of the will itself. The testator, by the fifth clause of his will bequeaths and devises all the rest, residue and remainder of his estate, both real and personal, to his two children, "subject, nevertheless, to the dower and thirds of my wife Mary O'Hara."

This clause presents two questions. Do the words dower and thirds, have reference to the real estate only ? and if they can fairly be construed to refer to both real and personal property, what rights did the widow get under them in the personal property bequeathed by this clause ? I am satisfied that the word thirds, has no reference in this clause to the personal property. If the widow was entitled to distribution, as in case of intestacy, she would take abso-

lutely one-third of the personal property. The clause in question gives all his real and personal property to his children, " to be divided between them, share and share alike," subject to the dower and thirds of his wife, Mary O'Hara. It seems to me quite improbable that the testator intended that his personal property was to be divided in three parts, from this language. The gift is subject to the dower and thirds, burdened with a recognized legal lien and right, and such an estate could only exist as to the real estate. She had no claim to the personal except by this will. The will has not given it except by this clause, and the clause refers to dower and thirds as an existing thing, subject to which the estate is given. If the words can be construed to refer to real and personal property, then, I think, they are not sufficient to bequeath any portion of the personal estate. The gift to the children is absolute, subject to plaintiff's thirds. She had no thirds. The testator has failed to convey to her any interest, and the gift to her children, subject to a claim which had no existence, is an absolute gift.

I think the plaintiff not entitled to any interest in the personal property under the fifth clause of the will of deceased, and that distribution is to be made to the children of deceased, share and share alike named in that clause, or their representatives.

I concur, J. A. LOTT.