THE RIVERSIDE TRUST COMPANY, ADMINISTRATOR, *vs.* GERTRUDE H. ROGERS ET AL.

First Judicial District, Hartford, October Term, 1915.

THAYER, RORABACK, WHEELER, BEACH and GREENE, Js.

The language of a will may be such as to raise a gift by implication, but in order to have that effect it must be clearly apparent from the will that such was the intent of the testator; a mere surmise that he might have so intended is not sufficient.

In the present case the testator gave his wife the life use of two parcels of real estate, describing them in separate clauses of his will. In a later clause he gave this and other property to his sister, "subject to the life estates" of his wife. *Held* that inasmuch as the words quoted accurately described what the testator had previously given in his will to his wife, they could not at the same time be construed to refer to something the testator had not done, and thus be made to serve as a basis for an implied gift to his wife of a further life estate in the other property which he expressly gave to his sister.

The testator, in clause two of his will, gave to his wife all of his property, real and personal, excepting, with other property, his "interest and shares" in a paper company of which he was president and treasurer, and by a subsequent clause he gave "all interest which I may have in" said paper company "and its shares," to his sister. At his death the testator owned two hundred and forty-eight shares of the stock of the paper company and had claims against it for money loaned, for dividends declared but not paid, and for unpaid salary. *Held* that in using the expression "interest and shares," the testator meant to indicate but one thing, and that was the right of property or share in the company property, evidenced by the stock certificates which he owned; and that the claims he had against the company passed to his wife under his bequest to her in the second clause of his will.

Argued October 6th—decided December 17th, 1915.

SUIT to determine the construction of the will of Knight E. Rogers of Manchester, deceased, brought to and reserved by the Superior Court in Hartford County, *Burpee, J.,* upon the facts alleged in the complaint and admitted by the answers, for the advice of this court.

*J. Gilbert Calhoun,* for the plaintiff.

*Edward M. Day,* with whom was *John W. Joy,* for the defendant Flora Chapin Rogers.

*Charles Welles Gross,* for the defendant Gertrude H. Rogers.

WHEELER, J. The testator died leaving a will and property consisting principally of real estate in Glastonbury, a dwelling in Manchester, a one-half interest in the homestead and in other land and tenements in Manchester, shares of stock in the Rogers Paper Manufacturing Company, a note or notes of this company, and a claim against it for dividends unpaid and salary due. He left surviving him his widow and, as his heir-at-law, his sister Gertrude H. Rogers.

In his will the testator gave his wife, in clauses three and five: 1. The use for her life of the dwelling and the south half of the homestead, with the right to remove the house, when it would become her own property. 2. The use for her life of all other real estate the testator died possessed of in Manchester, except the north half of the homestead. He also gave her, in clause two of the will, all his real and personal property excepting his interest and shares in the Rogers Paper Manufacturing Company and such real estate as he owned in Manchester.

In the event that the testator died leaving no issue, which in fact happened, he provided, in clause seven, for his sister Gertrude as follows: "In case I leave no child at the time of my death then I give to my·sister Gertrude, all the property real and personal described in paragraph 6 subject to said life estates and subject to the right to remove my said dwelling house, the same to be to her and her heirs forever."

Paragraph six provides: "In case I leave a child or children, my issue, I give, devise and bequeath to such child or children my interest in the said north part of the homestead lot and—subject to the life estate of my wife as before set out—all my right, title and interest to any real estate I may own in said town of Manchester the same to be to them in absolute ownership in fee. I also give to said child or children, subject likewise to the said life interest, all interest which I may have in said Rogers Paper Manufacturing Company and its shares."

The property given his sister in paragraph seven, is, by reference, the same property given his issue in paragraph six, viz: 1. All his interest in the north half of the homestead. 2. All his interest in real estate in Manchester and in the Rogers Company and its shares, "subject to said life estates and subject to the right to remove my said dwelling house, the same to be to her and her heirs forever."

The widow claims that clause seven, read in the light of its context, gives her a life estate in the shares of the Rogers Company, and that clause two gives her an absolute estate in the sums due from the company to the testator.

The sister claims an absolute estate not only in the shares of stock in the company, but also the sums due the testator from the company for moneys loaned, dividends and salary due.

There is no express bequest of a life use to the widow in these shares of stock. She, however, insists that such a bequest arises by implication out of the language of paragraph seven.

Although no devise or bequest be made in express terms by a will, either will be raised by implication of law when it plainly appears from the language used, read in the light of its context, that such was the intention of the testator. The law does not find the in-

tention from a mere failure to express it, but from the language of the will itself, though not expressed as clearly as it should be. It will not find it unless the implication be a clearly apparent one and the intention be so plain that the reasoning mind cannot reasonably conceive of a contrary intention existing in the mind of the testator. And this intention when ascertained from the express terms of the will, or by necessary implication, controls the disposition of the estate. *Bishop* v. *McClelland,* 44 N. J. Eq. 450, 452, 16 Atl. 1; *Nickerson* v. *Bowly,* 49 Mass. (8 Metc.) 424, 431; Schouler on Wills & Administration, p. 268, § 561; Gardner on Wills, § 104; *Weed* v. *Scofield,* 73 Conn. 670, 678, 49 Atl. 22. A necessary corollary of this doctrine is, that if a devise or bequest is expressly made there is no room for a gift by implication; and if the language used points back to a prior gift correctly described, and does not express a gift other than this, there can be no estate by implication. A reference to a disposition in the earlier part of a will which in fact does not appear, may evidence the intention to make the gift omitted, and from it the law may imply the gift omitted. But the reference to a disposition in the earlier part of a will which in part exists, does not indicate an intention to give the part omitted, since the description applies accurately to that before given. 1 Jarman on Wills (6th Ed.) p. 532; *Smith* v. *Fitzgerald,* 3 Ves. & B. 2.

To support a gift to the wife, of the life use in this stock, by implication of law, there must be found in the language of the will, read in the light of its context, a clear purpose to make such gift. In clause seven, all the property as described in clause six, given to the sister, is subject to "said life estates." No life estates were created by clause six, but these were created by clauses three and five for the benefit of the wife. It follows that the gift of the stock to his sister, specified in clause seven,

is only subject to the life estates created by the will and found in clauses three and five. The language used conveys this meaning, and the expression "said life estates" in its natural sense means the "before mentioned" life estates. 3 Bouvier (Rawle's 3d Ed.) 2982. "Said life estates" in clause seven, concededly refers to life estates before mentioned in portions of the real estate described in clauses three and five. The widow's claim is that they also refer to an estate for her life in the stock of the Rogers Company. Under this contention the same words designate by reference to prior gifts, estates properly described in the will, and at the same time create by implication a life interest in other property not properly described in the will. This is an impossibility. Clause seven is a gift of several items of property, as described in clause six, and all subject to said life estates. "Subject to said life estates" are not, as here used, words of gift, they "point back to prior gifts of life estates correctly made" and to none other. *O'Hara v. Dever,* 46 Barb. 609, 3 Abb. Dec. (N. Y.) 407.

When a devise or bequest is to the testator's heir after the death of B, the inference is plain that the testator intended that B should take a life estate. So when the testator clearly refers to a disposition as made by him in his will which in fact was not made, a like inference may be drawn. And as a general rule a limitation over upon the death of A, is held to indicate an intention that A takes a life estate. In instances such as these an estate by implication is held to arise, for the language used expresses an intention to make the gift or devise. But clause seven does not present a similar instance. It does not express a gift of a life estate; it merely points back to prior gifts described in other clauses of the will. We sufficiently answer the suggestion that the testator meant to give his wife a life estate in this stock by saying our duty is to interpret what the

will says, not what the testator may have meant to say. *Weed* v. *Scofield*, 73 Conn. 670, 677, 49 Atl. 22.

In clause six the testator gives to his child or children —"subject to the life estate of my wife as before set out" —all his real estate in Manchester, and also, "subject likewise to the said life interest," all his interest in the Rogers Company and its shares. The testator died without leaving issue, and nothing passed by this clause. The sister's claim is not supported by it. Clause six does not create a life estate, it refers back to those created in clauses three and five. The reasons which would prevent an estate by implication arising as to similar language in clause seven, are equally applicable to this clause, and need not be repeated.

We end our discussion of this part of the claim by re-iterating our conclusions: Estates by implication arise out of language which indicates an intention to give; they cannot arise where the language from which the intention to give might be implied is omitted; nor can they arise out of a mere surmise of an intended gift. The intention to be gathered from Mr. Rogers' will is not dependent upon its omissions; its express reference to prior gifts of life estates, which are given in the will, make it clear that he intended to describe these as present gifts and furnish no ground for holding that he intended a gift other than those accurately expressed. Implication never controls an express disposition; nor may it add to or take from it. 2 Jarman on Wills (6th Ed.) p. 771.

We come to the second question for decision. Clause seven, by its reference to clause six, in effect gives to the sister all interest which the testator had in the Rogers Company and its shares. By the gift to the sister of "all interest which I may have in said Rogers Paper Manufacturing Company and its shares," did the testator intend to give to her the claims he had against the

company for moneys loaned as evidenced by notes due, and for dividends and salary due? In clause two, he excepts from his gift to his wife "my interest and shares in the . . . Company." This language has the same meaning as the language of clause six, "all interest which I may have in said . . . Company and its shares." "An interest in a company" is not appropriate language with which to describe all obligations against the company which the testator might have. In this connection it means the right of property or share which the testator had in this company. This was evidenced by his certificate or certificates for certain shares of the stock of the company. While he used the words "interest" and "shares," he intended in the use of each word the same thing,—to include his part or portion of the company.

We are confirmed in our construction by the surrounding circumstances. Mr. Rogers clearly intended, by the broad bequests and devises in his will in favor of his wife, to give her a substantial share of his estate. If he intended his sister to have these items, the share of the wife in his estate would have been an entirely inadequate one in comparison to the size of his estate. And such an intent would have been entirely inconsistent with the definite purpose of the will to give his wife a substantial share of his estate.

The Superior Court is advised that:—

1. The testator, Knight E. Rogers, under clause seven of his will bequeathed to the defendant, his sister, Gertrude H. Rogers, an absolute estate in the shares of stock of the Rogers Paper Manufacturing Company.

2. The testator, Knight E. Rogers, under clause two of his will bequeathed to the defendant, his wife, Flora Chapin Rogers, all sums due to him from the Rogers Paper Manufacturing Company whether accrued at his death or to accrue, and such sums are not included

in the property passing under clause seven of the will to the sister Gertrude H. Rogers.

No costs in this court will be taxed in favor of any party.

In this opinion the other judges concurred.